UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE PTC THERAPEUTICS, INC. DERIVATIVE LITIGATION | Civil Action No. 17-7216 (KM)(MAH)<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, the parties to the above-captioned consolidated shareholder derivative action (the "Derivative Action") have made an application, pursuant to Federal Rule of Civil Procedure 23.1, for an order: (i) preliminarily approving the Stipulation and Agreement of Settlement dated April 17, 2018 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the Derivative Action with prejudice and the satisfaction of the Shareholder Demand; and (ii) approving the form and content of the Notice to Current PTC Stockholders, substantially in the form of Exhibit B attached to the Stipulation, in which Plaintiffs shall issue a press release that contains the contents of the Notice, and Defendants shall cause the Notice together with the Stipulation to be posted on the investor relations portion of the Company's website;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (unless otherwise defined herein); and

WHEREAS, the Court has read and considered the Stipulation and the exhibits annexed thereto, and all Settling Parties have consented to the entry of this Preliminary Approval Order,

NOW THEREFORE, IT IS HEREBY ORDERED:

**EXHIBIT C**

1.  The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the settlement set forth therein (the "Settlement"), including the terms and conditions for settlement and dismissal with prejudice of the Derivative Action and the satisfaction of the Settlement Demand.

2.  A hearing (the "Settlement Hearing") shall be held before the Court on _July_ _27_, 2018 at _2:30_ p.m.,[1] at the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, to determine: (i) whether the terms and conditions of the Settlement set forth in the Stipulation are fair, reasonable, and adequate to PTC and Current PTC Stockholders and should be finally approved by the Court; (ii) whether the Judgment finally approving the Settlement, substantially in the form of Exhibit D attached to the Stipulation, should be entered, dismissing the Derivative Action with prejudice, satisfying the Shareholder Demand, and releasing and enjoining the prosecution of any and all Released Claims; and (iii) whether Plaintiffs' Counsel's Fee and Expense Award, including any Service Awards, should be finally approved. At the Settlement Hearing, the Court may hear or consider such other matters as the Court may deem necessary and appropriate.

3.  The Court approves, as to form and content, the Notice attached as Exhibit B to the Stipulation, and finds that issuing the Notice as a press release and posting the Notice together with the Stipulation on the investor relations portion of PTC's corporate website substantially in the manner and form set forth in this Order meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the

---

[1] The Settling Parties respectfully request that the Settlement Hearing be scheduled at least forty-five (45) days after the deadline for providing notice of the proposed Settlement to Current PTC Stockholders.

2

**EXHIBIT C**

circumstances, and shall constitute due and sufficient notice to Current PTC Stockholders and all other Persons entitled thereto.

4. Not later than ten (10) calendar days following entry of this Order, Plaintiffs shall issue the Notice as a press release, and PTC shall post the Notice, together with the Stipulation, on the investor relations portion of PTC's corporate website.

5. All papers in support of the Settlement and the Fee and Expense Award, including any Service Awards, shall be filed with the Court and served at least twenty-eight (28) days prior to the Settlement Hearing, and any reply papers shall be filed with the Court at least seven (7) days prior to the Settlement Hearing.

6. Any Current PTC Stockholder may object and/or appear and show cause, if he, she, or it has any concern, why the Settlement should not be finally approved as fair, reasonable, and adequate, why the Judgment should not be entered thereon, or why the Fee and Expense Award, including any Service Awards, should not be finally approved; provided, however, unless otherwise ordered by the Court, that no Current PTC Stockholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee and Expense Award, unless that Stockholder has, at least twenty-one (21) days prior to the Settlement Hearing: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of PTC common stock through the date of the Settlement Hearing, including the number of shares of PTC common stock held and the date of purchase; (c) any and all documentation or evidence in support of such objection; and (d) the identities of any cases, by name, court, and docket number, in which the Stockholder or his, her, or its attorney has objected to a settlement in the last three years; and (2) if a Current PTC Stockholder intends

to appear and requests to be heard at the Settlement Hearing, such Stockholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such Stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses the Stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing. If a Current PTC Stockholder files a written objection and/or written notice of intent to appear, such Stockholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such Stockholder files with the Court (either by hand delivery or by first class mail) upon each of the following:

| | |
|---|---|
| Timothy W. Brown<br>THE BROWN LAW FIRM, P.C.<br>240 Townsend Square<br>Oyster Bay, NY 11771<br><br>*Co-Lead Counsel for Plaintiffs in the Derivative Action* | Deborah S. Birnbach<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA 02210<br><br>*Counsel for Defendants* |

Any Current PTC Stockholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Fee and Expense Award, including any Service Awards, as set forth in the Stipulation, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered, the dismissal of the Derivative Action with prejudice and the satisfaction of the Shareholder Demand, and any and all of the releases set forth in the Stipulation.

**EXHIBIT C**

7. At least ten (10) business days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court, proof, by affidavit or declaration, of the posting of the Notice and Stipulation on the investor relations portion of PTC's corporate website.

8. At least ten (10) business days prior to the Settlement Hearing, Plaintiffs' Counsel shall file with the Court, proof, by affidavit or declaration, of the issuance of the Notice as a PR.

9. All Current PTC Stockholders shall be bound by all orders, determinations, and judgments in the Derivative Action concerning the Settlement, whether favorable or unfavorable to Current PTC Stockholders.

10. Pending final determination of whether the Settlement should be approved, neither Plaintiffs or Plaintiffs' Counsel, nor any Current PTC Stockholders or other Persons, derivatively on behalf of PTC, shall commence or prosecute, or in any way instigate or participate in the commencement or prosecution of, any action or proceeding asserting any Released Claims against any of the Released Persons in any court or tribunal.

11. The fact and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Derivative Matters or in any litigation, or the deficiency, infirmity, or validity of any defense that has been or could have been asserted in the Derivative Matters or in any

litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person, or against Plaintiffs as evidence of any infirmity in their claims; or

(c) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal.

12.  Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance thereof, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement; provided, however, that if finally approved, the Released Persons may refer to the Settlement, and file the Stipulation and/or the Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

**EXHIBIT C**

13. If the Stipulation is terminated pursuant to its terms, or the Effective Date does not otherwise occur, all proceedings in the Derivative Action will revert to their status as of the date immediately preceding the date of the Stipulation.

14. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current PTC Stockholders and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Current PTC Stockholders.

IT IS SO ORDERED.

DATED: May 9, 2018

_____
HONORABLE KEVIN MCNULTY
UNITED STATES DISTRICT JUDGE